IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JAMEISON BEAM, | CV 18-00040-BU-BMM-JCL |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| JAMES MATTIS, | |
| Defendant. | |

Plaintiff Jameison Beam filed a Motion to Proceed in Forma Pauperis (Doc. 1) and proposed Complaint (Doc. 2) alleging James Mattis, the United States Secretary of Defense, allowed illegal experimentation and psychological torture to be conducted on prisoners. The Complaint fails to state a claim upon which relief may be granted against the named Defendant and should be dismissed.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Beam's motion to proceed in forma pauperis will be construed as sufficient to make the showing required by 28 U.S.C. §1915(a). The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Beam must pay the statutory $350.00 filing fee. The initial partial filing fee is waived and Beam may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee

1

may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Beam

will be required to pay the fee in installments and make monthly payments of 20%

of the preceding month's income credited to his prison trust account. The

percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Beam

must make these monthly filing-fee payments simultaneously with the payments

required in any other cases he has filed. *Id.* By separate order, the Court will

direct the facility where Beam is held to forward payments from Beam's account

to the Clerk of Court each time the account balance exceeds $10.00, until the

filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF THE CASE

### A.   Parties

Beam is a prisoner incarcerated at Montana State Prison. He alleges that his

conditions of confinement arose while he was incarcerated at the Gallatin County

Detention Facility in Bozeman, Montana. (Complaint, Doc. 2 at 9.) He is

proceeding without counsel.

The only named Defendant is James Mattis, the current United States

Secretary of Defense. (Complaint, Doc. 2 at 4.)

### B.   Allegations

Beam alleges that between July 2012 and June 2018 his rights under the

2

First, Fourth, Eighth, Ninth, and Thirteenth Amendments to the United States

Constitution were violated.  He claims that inmates have no rights in prison and

are immediately placed in sensory deprivation chambers where deprogramming

takes place with brainwashing or mind control.  He also alleges inmates are

subject to experimentation.  (Doc. 2 at 7.)  He claims the following injuries:

mental anguish, PTSD, psychological agitation, psychological torture, and

physical torture.  (Doc. 2 at 9.)  He seeks a civil investigation, injunctive relief and

$10,000 for every injury and count inflicted.  (Doc. 2 at 9.)

## III.  INITIAL SCREENING PURSUANT TO 28 U.S.C. §§1915, 1915A

### A.  Standard

Beam is a prisoner proceeding in forma pauperis so the Court must review

his Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b) and

1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis

and/or by a prisoner against a governmental defendant before it is served if it is

frivolous or malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief.  A

complaint is frivolous if it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it was filed

with the intention or desire to harm another."  *Andrews v. King*, 398 F.3d 1113,

1121 (9th Cir. 2005).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line.  *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.  *Id.* at 679, 681.  A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability.  *Id.* at 678.

4

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

**B. Analysis**

Beam's Complaint violates Rule 8 of the Federal Rules of Civil Procedure. Rule 8 sets forth the general rules of pleading and requires that a complaint contain "a short and plain statement of the claim showing that the pleader is

5

entitled to relief." Fed.R.Civ.P. 8(a)(2).  The Supreme Court has explained that

Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to

relief." *Twombly*, 550 U.S. at 556 n.3.  The factual allegations necessary to make

that showing "must be enough to raise a right to relief above the speculative

level." *Twombly*, 550 U.S. at 555.

The only named defendant is James Mattis, the United States Secretary of

Defense.  An individual can be held liable in their individual capacity under a

theory of supervisory liability.  "[A] plaintiff may state a claim against a

supervisor for deliberate indifference based upon the supervisor's knowledge of

and acquiescence in unconstitutional conduct by his or her subordinates." *Starr v.*

*Baca*, 652 F.3d 1202 (9th Cir. 2011).  Section 1983 will not impose liability on

supervising officers under a respondeat superior theory of liability.  *Monell*, 436

U.S. at 691-94.  That is, a defendant cannot be held liable just because they

supervise other employees.  Instead, supervising officers can be held liable under

§ 1983 "only if they play an affirmative part in the alleged deprivation of

constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987).

There are no allegations advanced in the Complaint as to how Mr. Mattis

could possibly be responsible for the conditions of confinement at the Gallatin

County Detention Facility or any other correctional facility in Montana.

Consequently, the Complaint read as a whole fails to nudge Beam's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Beam has failed to state a claim against Secretary Mattis and his Complaint should be dismissed.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Beam's Motion to Proceed in Forma Pauperis (Doc. 1) is granted.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaint. (Doc. 2). The Complaint is deemed filed June 27, 2018.

Further, the Court issues the following:

## RECOMMENDATIONS

1. Beam's Complaint should be DISMISSED.

2. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes

plain the Amended Complaint lacks arguable substance in law or fact.

4.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Beam may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this _29th_ day of June, 2018.

Jeremiah C. Lynch
United States Magistrate Judge

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Beam is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.